STATE OF INDIANA      )           HAMILTON COUNTY SUPERIOR COURT
                           )           ROOM NO. 1
                           ) SS:
COUNTY OF HAMILTON  )        CAUSE NUMBER: 29D01-1105-PL- 4190

SAEILO ENTERPRISES, INC.           )

          Plaintiff,             )

                            )

          v.                      )

BUZZ BEE TOYS, INC.              )

          Defendant.          )

## COMPLAINT

For this Complaint against Defendant, Buzz Bee Toys, Inc. ("BBT"), Plaintiff Saeilo Enterprises, Inc. ("Saeilo") hereby alleges as follows:

### A. SUBSTANCE OF THE ACTION

1. This case involves infringement upon the distinctive and famous trademarks used by Saeilo in connection with the sale and promotion of its Thompson firearm products. Defendant's infringement arises out of the unauthorized use of the Tommy Gun trademarks on toy guns, advertisements and packaging bearing reproductions of the famous Tommy Gun marks ("infringing items").

2. Defendant's use of the Tommy Gun marks on the infringing items violates Saeilo's rights under federal trademark law, common law and Indiana state law. Saeilo asserts claims for federal trademark infringement, federal trademark dilution, false designation of origin or sponsorship, false advertising, and trade dress infringement pursuant to the Lanham Act, as well as common law trademark infringement, unfair competition, conversion, forgery, counterfeiting, and deception. Saeilo seeks a permanent injunction preventing

Defendant from using the distinctive Tommy Gun trademarks, along with an award of damages, treble damages, profits, attorney's fees and costs.

## B. THE PARTIES

3.  Saeilo is a business organized and existing under the laws of the state of Delaware with its principal office in Pearl River, New York.

4.  Defendant BBT is a business organized and existing under the laws of Delaware with offices in Michigan, New Jersey and Hong Kong.  Defendant may be served through its registered agent, Jeffrey Zimmerman, 309 Fellowship Rd, Suite 105, Mt Laurel NJ 08054.

## C. JURISDICTION AND VENUE

5.  This Court has original jurisdiction over this action pursuant to Ind. Code § 33-28-1-2 and Ind. Code § 33-33-29-7.

6.  Defendant BBT has submitted to this Court's jurisdiction by doing business in the state of Indiana.

7.  Venue properly lies in this Court because a substantial part of the events giving rise to the claims alleged herein arose in Hamilton County, Indiana.

## D. GENERAL ALLEGATIONS

### 1. Saeilo's Intellectual Property Rights

8.  Saeilo is a diversified manufacturing company consisting of three divisions, including Kahr Arms ("Kahr"), a leading designer and manufacturer of quality firearms.

9.  Relative to its firearms business, Saeilo is the exclusive owner of a wide variety of intellectual property rights ('the Saeilo marks'). Included within the Saeilo marks are federal and state registered trademarks, trade dress, copyrights and patents for Kahr's

2

well-known weapon designation marks and weapon designs.

10. Relevant to this Complaint, Saeilo owns common law trade dress rights in the design of the Thompson submachine gun, popularly known as the "Tommy Gun". Furthermore, Saeilo is the registrant for federal trademark registration number 2,885,628 for the word mark "Tommy Gun" and the registrant for Indiana state registration numbers, 20090707-13956, 20090707-13957, 20090707-13958 for the Tommy Gun design. These registrations are active and unrevoked, and constitute *prima facie* evidence of Saeilo's ownership of the marks. [See attached, Exhibits A and B] Hereinafter, the Tommy Gun trade dress and trademarks will be collectively referred to as "the Tommy Gun marks".

11. The Tommy Gun marks are distinctive and famous and nonfunctional.

12. Saeilo is engaged in the sale and/or licensing of promotional merchandise, bearing the Tommy Gun marks in Indiana and elsewhere.

13. Saeilo maintains strict control over the quality and nature of its products and items bearing the Tommy Gun marks.

14. Saeilo has invested considerable time and money in advertising the Tommy Gun marks throughout Indiana and elsewhere. As a result of extensive worldwide advertising, the Tommy Gun marks are immediately recognizable.

15. Saeilo has acquired substantial goodwill among consumers.

16. As a result of such goodwill and immediate recognition, and as a result of extensive advertising, the Tommy Gun marks have become highly valuable.

## 2. **Defendant's Infringement of Saeilo's Trademark Rights**

17. Subsequent to Saeilo's use and registration of the Tommy Gun marks, Defendant began using the Tommy Gun marks or confusingly similar variations of the marks.

18. Defendant has manufactured, produced, advertised and/or sold toy guns bearing the Tommy Gun marks.  [See attached, Exhibit C]

19. Defendant has not received permission from Saeilo, or anyone acting on Saeilo's behalf, to manufacture, produce, advertise or sell any item bearing the Tommy Gun marks.

20. By manufacturing, producing, advertising and/or selling items bearing the Tommy Gun marks without permission, Defendant has attempted to profit from and capitalize on the trademark rights and substantial goodwill developed by Saeilo.

21. Defendant has willfully and intentionally manufactured, produced, advertised and/or sold products bearing the Tommy Gun marks with knowledge that the Tommy Gun marks are owned by Saeilo.

22. Defendant manufactured, produced, advertised and/or sold items bearing the Tommy Gun marks with knowledge that Defendant's use of the Tommy Gun marks was unauthorized.

23. The manufacture, production, advertisement, and/or sale of items bearing the Tommy Gun marks created a likelihood of consumer confusion.

24. Defendant used the Tommy Gun marks with the intent to confuse and/or deceive consumers.

### E.  PLAINTIFF'S CLAIMS

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

25. Saeilo incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

26. Defendant has used in commerce, and in connection with the sale of goods, a reproduction, counterfeit, copy or colorable imitation of the Tommy Gun marks.

27. Defendant has reproduced, counterfeited, copied or imitated the Tommy Gun marks and

4

applied the marks to labels, signs, prints, packages, receptacles or advertisements intended to be used in commerce.

28. Defendant's use of the Tommy Gun marks creates the likelihood of confusion, mistake and/or deception among consumers.

29. Defendant willfully infringed on the trademark rights of Saeilo.  Defendant intended to confuse, mistake or deceive consumers.

30. Defendant used the reproductions of the Tommy Gun marks with knowledge that the marks were copies and/or counterfeits.

31. Consumers were initially interested and lured to the infringing items by the similarity to the Tommy Gun marks.

32. As a result of Defendant's infringement, Saeilo has suffered irreparable harm to valuable Tommy Gun marks.   Unless Defendant is permanently enjoined from further infringement, Saeilo will continue to suffer irreparable harm.

33. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

34. As a result of Defendant's infringement under 15 U.S.C. § 1114, Saeilo has been injured and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT II
## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

35. Saeilo incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

36. The Tommy Gun marks are the product of creativity and imagination.

37. The Tommy Gun marks are distinctive and famous.

38. Defendant adopted the Tommy Gun marks after the marks became famous.

39. Defendant's use of the Tommy Gun marks caused dilution of the marks.

40. Defendant's use of the Tommy Gun marks is commercial and in commerce.

41. Defendant's use of the Tommy Gun marks has weakened the unique association of the marks with Saeilo, as owner of the marks.

42. As a result of Defendant's dilution under 15 U.S.C. § 1125(c), Saeilo has suffered irreparable harm to valuable Tommy Gun trademarks.  Unless Defendant is permanently enjoined from further dilution, Saeilo will continue to suffer irreparable harm.

43. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

44. Defendant's dilution of the Tommy Gun marks has caused Saeilo damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT III
### FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

45. Saeilo incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

46. Defendant used the Tommy Gun marks in commerce and in connection with the sale of goods or services.

47. Defendant's use of the Tommy Gun marks is likely to cause confusion or mistake and/or is likely to deceive consumers as to the affiliation, connection or association of Defendant with Saeilo; or as to the origin, sponsorship, or approval of Defendant's goods by Saeilo.

48. Defendant's conduct constitutes false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendant's goods and constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

49. As a result of Defendant's conduct, Saeilo has suffered irreparable harm to valuable Tommy Gun trademarks.  Unless Defendant is permanently enjoined from further false designations, false advertisement and trade dress infringement, Saeilo will continue to suffer irreparable harm.

50. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

51. Defendant's violations of 15 U.S.C. §1125(a) have caused Saeilo to incur damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

52. Saeilo incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

53. Saeilo has the exclusive right to use the Tommy Gun marks or any marks similar thereto in association with the sale of firearms, non-firing guns and related products.  As a result of the continued sale of these items by Saeilo, the Tommy Gun marks have become immediately recognizable and Saeilo has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the Tommy Gun marks are applied.

54. Saeilo has acquired a reputation among consumers for quality and excellence, and the

Tommy Gun marks have come to symbolize that reputation.

55. Defendant, with knowledge of and with intentional disregard for the rights of Saeilo, manufactured, produced, advertised and/or sold items using the Tommy Gun marks or confusingly similar imitations thereof.

56. Defendant's use of the Tommy Gun marks has created the likelihood of confusion among consumers.

57. Defendant's acts constitute trademark infringement and willful infringement under the common law.

58. As a result of Defendant's conduct, Saeilo has suffered irreparable harm to valuable Tommy Gun trademarks.   Unless Defendant is permanently enjoined from further infringement, Saeilo will continue to suffer irreparable harm.

59. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

60. As a result of Defendant's infringement, Saeilo has suffered damages, including, but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## COUNT V
## UNFAIR COMPETITION

61. Saeilo incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

62. Defendant's unlawful and unauthorized use of the Tommy Gun marks constitutes unfair competition with Saeilo.

63. Defendant's conduct creates consumer confusion as to the source and/or origin of the infringing items.

8

64. Defendant's use of the Tommy Gun marks is an attempt to interfere with Saeilo's business relationship with its consumers and to trade on Saeilo's goodwill.

65. As a result of Defendant's conduct, Saeilo has suffered irreparable harm to valuable Tommy Gun trademarks.  Unless Defendant is permanently enjoined from further unfair competition, Saeilo will continue to suffer irreparable harm.

66. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

67. Defendant's unfair competition has caused Saeilp to incur damages, including but not limited to, Defendant's profits from the sale of the infringing products, actual damages, costs of suit and attorney's fees.

## COUNT VI
## CONVERSION UNDER IND. CODE § 35-43-4-3

68. Saeilo incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

69. Defendant knowingly or intentionally exerted unauthorized control over the property of Saeilo, namely the Tommy Gun marks, by making unauthorized use of the Tommy Gun marks in the advertisement and sale of toy guns.

70. Defendant knowingly or intentionally exerted unauthorized control over Saeilo's intangible property, namely the Tommy Gun marks and Saeilo's goodwill associated with the Tommy Gun marks.

71. Saeilo's goodwill is valuable property.

72. The Tommy Gun marks, including all federal and state registered trademarks and common law trade dress, whether tangible or intangible, are valuable property.

73. As the owner of the Tommy Gun marks and Saeilo's goodwill, Saeilo alone has the right

to control and authorize the use of the Tommy Gun marks and Saeilo's goodwill.

74. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Saeilo's property through the advertisement and sale of products that make unauthorized use of the Tommy Gun marks.

75. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Saeilo's property for Defendant's own use and benefit and in exclusion and defiance of Saeilo's rights in Saeilo's property interests.

76. Defendant sold items bearing the Tommy Gun marks without Saeilo's consent and in a manner or to an extent other than that to which Saeilo had consented.

77. Defendant misappropriated the Tommy Gun marks and Saeilo's goodwill for its own use and benefit and interfered with Saeilo's control over the Tommy Gun marks and Saeilo's goodwill.

78. As a result of Defendant's conversion, Saeilo was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT VII
## FORGERY UNDER IND. CODE § 35-43-5-2(b)

79. Saeilo incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

80. All advertisements and/or packaging associated with Defendant's toy gun products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification are written instruments under Ind. Code § 35-43-5-1(s).

81. Defendant's toy gun products that make use of the federal or state registered trademarks,

common law trademarks, labels, markings and/or other objects or symbols of value or identification, are themselves written instruments under Ind. Code § 35-43-5-1(s).

82. Defendant, with intent to defraud, made, uttered, and/or possessed a written instrument, namely the Defendant's toy guns, advertisements and/or associated packaging in such a manner that it purports to have been made by Saeilo.

83. Defendant was not given the authority to make or possess the infringing items by Saeilo or anyone acting on behalf of Saeilo.

84. As a result of Defendant's forgery, Saeilo was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT VIII
### COUNTERFEITING UNDER IND. CODE § 35-43-5-2(a)

85. Saeilo incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

86. All advertisements and/or packaging associated with Defendant's toy gun products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification are written instruments under Ind. Code § 35-43-5-1(s).

87. Defendant's toy gun products that make use of the federal or state registered trademarks, common law trademarks, labels, markings and/or other objects or symbols of value or identification, are themselves written instruments under Ind. Code § 35-43-5-1(s).

88. Defendant made, uttered, and/or possessed a written instrument, namely the Defendant's toy guns, advertisements and/or associated packaging in such a manner that it purports to have been made by Saeilo.

89. Defendant was not given the authority to make or possess the infringing items by Saeilo or anyone acting on behalf of Saeilo.

90. As a result of Defendant's counterfeiting, Saeilo was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT IX
## THEFT UNDER IND. CODE § 35-43-4-2

91. Saeilo incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

92. Defendant knowingly or intentionally exerted unauthorized control over the Tommy Gun marks with intent to deprive Saeilo of a part of its value and use by making unauthorized use of the Tommy Gun marks in the advertisement and sale of certain toy gun products.

93. Defendant knowingly or intentionally exerted unauthorized control over Saeilo's intangible property, namely the Tommy Gun marks and Saeilo's goodwill associated with the Tommy Gun marks.

94. Saeilo's goodwill is valuable property.

95. The Tommy Gun marks, including all federal and state registered trademarks and common law trade dress, whether tangible or intangible, are valuable property.

96. As the owner of the Tommy Gun marks and Saeilo's goodwill, Saeilo alone has the right to control and authorize the use of the Tommy Gun marks and Saeilo's goodwill.

97. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all or a valuable part of Saeilo's property through the advertisement and sale of products that make unauthorized use of the Tommy Gun marks.

98. Defendant obtained, took, sold, conveyed, encumbered, possessed and/or transferred all

or a valuable part of Saeilo's property for Defendant's own use and benefit and in exclusion and defiance of Saeilo's rights in Saeilo's property interests.

99. Defendant sold items bearing the Tommy Gun marks without Saeilo's consent and in a manner or to an extent other than that to which Saeilo had consented.

100.     Defendant misappropriated the Tommy Gun marks and Saeilo's goodwill for its own use and benefit and interfered with Saeilo's control over the Tommy Gun marks and Saeilo's goodwill.

101. As a result of Defendant's theft, Saeilo was damaged and seeks an award of actual damages, treble damages, costs and attorney's fees pursuant to the Indiana Crime Victim's Act, Ind. Code § 34-24-3-1.

## COUNT X
## STATE TRADEMARK INFRINGEMENT UNDER IND. CODE § 24-2-1-13

102. Saeilo incorporates herein by reference the allegations contained in all previous paragraphs of this Amended Complaint.

103. Defendant has used, without the consent of Saeilo, reproductions, counterfeits, copies or colorable imitations of the Tommy Gun marks.

104. Defendant's use of the Tommy Gun marks in connection with the sale, offering for sale, or advertising of goods is likely to cause confusion or mistake or to deceive as to the source or origin of such goods.

105. Defendant has reproduced, counterfeited, copied or colorably imitated the Tommy Gun marks and applied the marks to labels, signs, prints, packages, receptacles or advertisements intended to be used upon or in conjunction with the sale or distribution in the State of Indiana of such goods.

106. Defendant's use of the Tommy Gun marks creates the likelihood of confusion, mistake

and/or deception among consumers.

107. Defendant willfully infringed upon the trademark rights of Saeilo.  Defendant intended to confuse, mistake or deceive consumers.

108. Defendant used the reproductions of the Tommy Gun marks with knowledge that the marks were copies and/or counterfeits.

109. Consumers were initially interested and lured to the infringing items by the similarity to the Tommy Gun marks.

110. As a result of Defendant's infringement, Saeilo has suffered irreparable harm to valuable Tommy Gun marks.   Unless Defendant is permanently enjoined from further infringement, Saeilo will continue to suffer irreparable harm.

111. A permanent injunction is necessary to prevent Defendant from further interference with Saeilo's trademark rights.

112.    As a result of Defendant's infringement under Ind. Code § 24-2-1-13, Saeilo has been injured and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, statutory damages, costs of suit and attorney's fees.

## F. PRAYER FOR RELIEF

WHEREFORE, Saeilo prays for relief against the Defendant as follows:

a.    That Defendant, its officers, partners, agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in consent or participation with Defendant, and each and all of them, be permanently enjoined from:

(i)    Imitating, copying, reproducing, or using, in any manner, the Tommy Gun

marks, or any other mark confusingly similar to the Tommy Gun marks;

(ii)    Committing any act that dilutes or is likely to dilute the distinctiveness of the Tommy Gun marks;

(iii)    Committing any act that is likely to create the impression that Defendant's business or products are in any way sponsored by, approved of or otherwise affiliated or connected with Saeilo;

(iv)    Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service using any simulation, reproduction, counterfeit, copy or imitation of any Tommy Gun trademark or trade dress; and

(v)    instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

b.    That Defendant be required to:

(i)    Deliver to Saeilo for destruction all goods and materials bearing the Tommy Gun marks which Defendant has in its possession;

(ii)    Recall and deliver to Saeilo for destruction all goods and materials bearing the Tommy Gun marks that have been previously distributed or sold;

(iii)    Pay compensatory damages to Saeilo in an amount to be determined at trial for the injuries Saeilo has sustained as a consequence of the acts complained of;

(iv)    Pay Saeilo treble damages, or alternatively, Defendant's profits trebled,

whichever is greater;

(v)    Pay all of Saeilo's litigation expenses, including reasonable attorneys' fees and costs of this action;

(vi)   Pay interest to Saeilo, including pre-judgment interest on the foregoing sums; and

(vii)  File with this Court and serve on Saeilo an affidavit setting forth in detail the manner and form of Defendant's compliance with the terms of this Court's orders.

c.    That Saeilo be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL JURY

Saeilo hereby respectfully requests a trial by jury in this cause, and for all other relief just and proper in the premises.

Respectfully submitted,

Darlene R. Seymour
Attorney # 23133-49

By:_____

Continental Enterprises
1292 E. 91st Street
Indianapolis, IN 46240

16

# EXHIBIT A

Trademark Electronic Search System (TESS)

Page 1 of 2



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue May 3 04:05:46 EDT 2011*

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   BOTTOM   HELP   PREV LIST   CURR LIST

NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:          OR   Jump   to record:          **Record 7 out of 10**

TARR Status   ASSIGN Status   TDR   TTAB Status   ( Use the "Back" button of the Internet Browser to return to TESS)

## Typed Drawing

| | |
|---|---|
| **Word Mark** | TOMMY GUN |
| **Goods and Services** | IC 013. US 002 009. G & S: Firearms. FIRST USE: 19190000. FIRST USE IN COMMERCE: 19200000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76398303 |
| **Filing Date** | April 19, 2002 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 29, 2004 |
| **Registration Number** | 2885628 |
| **Registration Date** | September 21, 2004 |
| **Owner** | (REGISTRANT) Saeilo, Inc. CORPORATION DELAWARE 630 Route 303 Blauvelt NEW YORK 10913 |
| | (LAST LISTED OWNER) SAEILO ENTERPRISES, INC. CORPORATION ONE BLUE HILL PLAZA PO BOX 1518 PEARL RIVER NEW YORK 10965 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | James A Borer |
| **Prior Registrations** | 1360435 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GUN" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |

Trademark Electronic Search System (TESS)

**Live/Dead Indicator  LIVE**

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT B

**State of Indiana**
**Office of the Secretary of State**
## CERTIFICATE OF TRADEMARK REGISTRATION

I, Todd Rokita, Secretary of State of Indiana, hereby certify that in accordance with the application filed in this office on behalf of the following:

SAEILO ENTERPRISES, INC.                                        DE Corporation
PO BOX 1518
ONE BLUE HILL PLAZA
PEARL RIVER, NY  10965 USA

The TRADEMARK described below has been duly registered in this office pursuant to Indiana Code 24-2-1-1 et seq.

### Design Only (attached)

This mark is used in connection with the following:  APPAREL SUCH AS TOPS, BOTTOMS, AND HATS.

Class of Merchandise: **25**                          FILE No. **2009-0436**
Date of Registration: **7/6/2009**                    Date of Expiration: **7/5/2014**
Date of first use in the United States: **3/1/2007**  Date of first use in Indiana: **3/1/2007**



In Witness Wherof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, on July 6, 2009

_____                    _____
Todd Rokita                                         Secretary of State

Certificate Number: 20090707-13956
Page 1 of 2



# State of Indiana
## Office of the Secretary of State
## CERTIFICATE OF TRADEMARK REGISTRATION

I, Todd Rokita, Secretary of State of Indiana, hereby certify that in accordance with the application filed in this office on behalf of the following:

SAEILO ENTERPRISES, INC.
PO BOX 1518
ONE BLUE HILL PLAZA
PEARL RIVER, NY  10965  USA

DE Corporation

The TRADEMARK described below has been duly registered in this office pursuant to Indiana Code 24-2-1-1 et seq.

### Design Only (attached)

This mark is used in connection with the following:  GUNS

Class of Merchandise: **13**

Date of Registration: **7/6/2009**

Date of first use in the United States: **1/1/1919**

FILE No. **2009-0437**

Date of Expiration: **7/5/2014**

Date of first use in Indiana: **1/1/1919**



In Witness Wherof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, on July 6, 2009

Todd Rokita                    Secretary of State

Certificate Number: 20090707-13957
Page 1 of 2



File No.  2009-0437          Certificate Number:  20090707-13957          Page 2 of 2

## State of Indiana
## Office of the Secretary of State
## CERTIFICATE OF TRADEMARK REGISTRATION

I, Todd Rokita, Secretary of State of Indiana, hereby certify that in accordance with the application filed in this office on behalf of the following:

SABILO ENTERPRISES, INC.
PO BOX 1518
ONE BLUE HILL PLAZA
PEARL RIVER, NY 10965 USA

DE Corporation

The TRADEMARK described below has been duly registered in this office pursuant to Indiana Code 24-2-1-1 et seq.

### Design Only (attached)

This mark is used in connection with the following: **TOY GUNS**

Class of Merchandise: **28**
Date of Registration: **7/6/2009**
Date of first use in the United States: **1/1/2008**

FILE No. **2009-0438**
Date of Expiration: **7/5/2014**
Date of first use in Indiana: **1/1/2008**



In Witness Wherof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, on July 6, 2009

_____

Todd Rokita                                    Secretary of State

Certificate Number: 20090707-13958
Page 1 of 2



# EXHIBIT C



